**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT PANZER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **VERDE ENERGY USA, INC.** and | : | |
| **OASIS POWER, LLC** | : | **NO. 19-3598** |

## MEMORANDUM

**Savage, J.**                                                                        **February 10, 2020**

Plaintiff Scott Panzer filed a putative class action against Oasis Power, LLC and Verde Energy USA, Inc., asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and other consumer protection laws, and unjust enrichment.[1] He alleges that the defendants engaged in deceptive marketing practices and price gouging of unsuspecting consumers in the electricity supply market.[2]

The defendants have filed a motion to dismiss or stay based on the arbitration clause in their customer agreement.[3]  They essentially ask that we compel arbitration. Panzer denies that he received an agreement from the defendants.  He maintains that he is covered by the agreement he had with the defendants' predecessor and that agreement had no arbitration provision.  The defendants contend that they mailed Panzer a customer agreement in February 2018 after Panzer's original energy supplier, non-party Great

---

[1] Pl.'s Compl. at ¶¶ 73-106 (Doc. No. 1).

[2] *Id.* at ¶¶ 13-23.

[3] Defs.' Mot. to Dism. (Doc. No. 12).

American Power, LLC, assigned them his contract.[4] They argue that Panzer's continuing to use their services and to pay their fees constitutes his assent to the terms of their customer agreement, including the arbitration provision.[5]

The motion to dismiss standard applies to motions to compel arbitration "where the *existence* of a valid agreement to arbitrate between the parties is apparent from the face of the complaint or incorporated documents." *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019) (quoting *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774, 776 (3d Cir. 2013)) (emphasis in original). But, where the agreement to arbitrate is unclear from the complaint and its supporting documents, or where the plaintiff has responded with additional facts that place the existence of a valid agreement to arbitrate in dispute, the summary judgment standard applies. In that case, we must allow the parties to conduct limited discovery on the issue of arbitrability. *Id.* After this "restricted inquiry," we review a renewed motion to compel arbitration under the summary judgment standard. *Id.*

Panzer disputes the existence of an agreement to arbitrate with the defendants. In his declaration, he claims that he never received the defendants' February 2018 letter containing his new customer service agreement.[6] He states that he never consented to an arbitration agreement with Great American or the defendants.[7] Given this factual

---

[4] *Id.* at 4.

[5] *Id.* at 2-3.

[6] Pl.'s Resp. to Defs.' Mot. to Dism. at Exh. A ¶¶ 3, 7 (Doc. No. 27). Panzer's position in response to the defendants' motion may compromise his ability to act as a class representative. Questions arise regarding commonality and adequacy.

[7] *Id.* at ¶¶ 11-13.

dispute, we cannot conclude that Panzer agreed to arbitrate his claims against the defendants.  Therefore, we shall allow limited discovery on this issue.

After the parties have conducted discovery, the defendants may renew their motion to compel arbitration. If they do, we shall review it under the summary judgment standard.

<u>/s/ TIMOTHY J. SAVAGE J.</u>