# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT PANZER, individually and on behalf of all others similarly situated, v. | : : : : | CIVIL ACTION |
| VERDE ENERGY USA, INC. and OASIS POWER, LLC | : : | NO. 19-3598 |

## MEMORANDUM OPINION

**Savage, J.**                                                                               **May 27, 2021**

Plaintiff Scott Panzer brought this putative class action against his former energy suppliers for breach of contract and violations of various Pennsylvania consumer protection laws.[1] After discovery limited to the question of whether the parties had agreed to arbitrate the dispute, defendants Verde Energy USA, Inc. and Oasis Power, LLC renewed their motion to dismiss and compel arbitration. We denied the motion, finding that Panzer had raised an issue of fact bearing on whether he received the defendants' arbitration agreement in the mail.[2] Accordingly, we ordered that the issue must be decided by a jury.[3]

In the meantime, we directed the parties to submit briefing addressing Panzer's adequacy to serve as class representative in light of his claim that he did not agree to arbitration.[4] Public Justice, P.C. now seeks leave to file an *amicus curiae* brief in support of Panzer's adequacy. It argues that its expertise in arbitration and class actions would

---

[1] For a full recitation of the facts of this case, *see* December 17, 2020 Memorandum Opinion (ECF No. 74).

[2] *Id*.

[3] *Id*.

[4] December 17, 2020 Order (ECF No. 76).

1

assist us in navigating the "novel" and "thorny" issues presented in this case. The defendants oppose leave, arguing that Public Justice has no special interest in this litigation, its interests are already competently represented by Panzer's counsel, the proposed *amicus* brief is not helpful and Public Justice is "partial to the outcome of this case."

We conclude that the proposed *amicus* brief provides no insight or benefit that Panzer's counsel has not already provided, nor does it address the issue of Panzer's adequacy that we asked the parties to consider. We also agree that Public Justice has failed to demonstrate a special interest in this case or that it is impartial. Therefore, we shall deny leave to file the *amicus* brief.

**Discussion**

Although Federal Rule of Appellate Procedure 29 governs filing *amicus* briefs at the appellate level, there is no corresponding statute, rule or binding judicial precedent controlling a district court's power to grant or deny *amicus* participation. Rather, "a district court's decision to accept or reject an *amicus* filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) (citations omitted); *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (citations omitted).

In deciding to grant or deny leave to file an *amicus* brief, district courts consider whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)

2

(citing *Sciotto*, 70 F. Supp. 2d at 555). Courts in this district routinely deny *amicus* participation when it is unnecessary and the interests of the *amicus* are adequately protected in the case. *See, e.g., Sciotto,* 70 F. Supp. 2d at 555; *Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at *4-5 (E.D. Pa. Aug. 7, 2000); *Goldberg v. City of Phila.*, No. 91-7575, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994).

We conclude consideration of these factors militates against granting Public Justice *amicus* status in this case.

*Special Interest*

Public Justice is a public interest law firm focused on fighting corporate misconduct.[5] It claims it has a "special interest" in arbitration and class action procedures, particularly in ensuring that mandatory arbitration does not unjustly impede access to the courts.[6] The defendants counter that Public Justice's interests are aimed at the broader societal debate about the role Federal Rule of Civil Procedure 23 and the Federal Arbitration Act should play in these kinds of cases, not the specific question regarding adequacy on which we ordered the supplemental briefing.[7]

Public Justice has not demonstrated the type of particularized "special interest" favoring the grant of *amicus* status. *See, e.g., Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (finding the petitioner "has a 'special interest' in ensuring that the rights of nonparty, non-disabled section 8 tenants are represented in the litigation"); *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (granting the

---

[5] Mot. for Leave to File Am. Cur. Br. at 1 (ECF No. 86).

[6] *Id*. at 2.

[7] Defs.' Resp. to Mot. for Leave to File Am. Cur. Brief at 2 (ECF No. 87).

Environmental Protection Agency *amicus* status because it issued the administrative order at issue in the case). Public Justice has at most shown a generalized interest in preserving access to justice through class actions, which is insufficient to justify its participation in this case. *See Sciotto*, 70 F. Supp. 2d at 555 (finding the petitioner's "generalized interest in all cases related to school district liability and insurance . . . is not the kind of special interest that warrants *amicus* status").

*Competent Representation*

Public Justice concedes that both parties' interests are "well represented" in this litigation.[8] Nonetheless, it argues, it can still provide "important assistance."[9] The defendants contend that Public Justice's interests are competently represented by the three class action law firms representing Panzer and the multiple memoranda they filed on the adequacy issue.[10] The defendants argue that the proposed *amicus* brief does not provide any information or insight that is not covered by Panzer's other submissions.[11]

Public Justice does not offer any arguments Panzer's attorneys have not already made. In fact, Panzer's briefs on the adequacy question are more responsive to our order than the proposed *amicus* brief.[12]

District courts in the Third Circuit have denied *amicus* status where the proffered arguments repeat those already submitted by the parties' counsel or the petitioner's

---

[8] Mot. for Leave at 2.

[9] *Id*.

[10] Defs.' Resp. at 2.

[11] *Id*. at 3.

[12] *See* Pl.'s Mem. in Supp. of Pl.'s Adequacy (ECF No. 80); Pl.'s Resp. to Defs.' Br. Re. Pl.'s Adequacy (ECF No. 88); Pl.'s Reply in Supp. of Pl.'s Adequacy (ECF No. 92).

4

interests are otherwise adequately represented in the litigation. *See Sciotto*, 70 F. Supp. 2d at 555; *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993); *Abu-Jamal*, 2000 WL 1100784, at *4; *Goldberg*, 1994 WL 369875, at *1. There is no need to reiterate what Panzer's attorneys have already presented.

*Timeliness and Usefulness*

Public Justice argues that its submission is timely and its expertise can assist us in resolving the "novel" question of whether a named plaintiff who survives a motion to compel arbitration is disqualified from representing a class.[13] According to the defendants, Public Justice attempts to recharacterize the simple adequacy question as a "dense legal issue."[14]

Contrary to Public Justice's characterization, the issue is not whether Panzer is disqualified from class representation merely because he survived a motion to dismiss. Nor is it "novel" or "thorny." It is simple – what happens if the jury determines that Panzer did not agree to arbitrate, but the rest of the putative class did? How can Panzer purport to represent the class if his interests and the circumstances of his relationship with the defendants diverge from those of the unnamed class members? Public Justice does not explain how this issue is complicated or novel. *See Goldberg*, 1994 WL 369875, at *1 ("[B]ecause this case does not appear to set forth any novel legal issues, the additional memorandum of law is not necessary to aid this Court's evaluation of the remaining cause of action pursuant to Title VII.").

---

[13] Mot. for Leave at 1-2.

[14] Defs.' Resp. at 2.

Significantly, the proposed *amicus* brief does not address the question. It merely suggests, without elaboration, there is "ample reason" to doubt that the other class members are bound to arbitrate.[15] The majority of the brief focuses on why it is premature for us to strike Panzer's class allegations before we have reached the class certification stage. Public Justice argues we cannot consider this issue yet because we cannot exercise jurisdiction over the putative class members, the putative class members have not been given an opportunity to be heard, and the defendants have not yet shown that the claims of the absent class members are subject to arbitration.[16]

Public Justice's concern about a premature ruling is misplaced. We are not deciding Panzer's adequacy to serve as class representative now. Rather, we asked the parties to address this potential roadblock to class certification in the event the jury finds he did not agree to arbitrate.[17] Because the proposed *amicus* brief does not address this specific issue substantively, it is not useful. See *Liberty Lincoln Mercury*, 149 F.R.D. at 83 ("To the extent the information and arguments presented . . . are not repetitious, they are irrelevant to the determination of the issues [*sic*] class certification and consolidation issues.").

---

[15] Mot. for Leave Ex. A at 4.

[16] *Id*. at 2-5. It also argues that striking class allegations at this stage would force plaintiffs to choose between fighting a motion to compel arbitration, and potentially losing their class action allegations if the court decides prematurely that the rest of the class agreed to arbitrate, or giving up the federal forum in favor of arbitration. *Id*. at 5-7. As we shall discuss, we are not striking the class allegations at this time.

[17] *See* Oral Arg. Tr. at 38:1-19, 40:12-24, 41:4-9 (ECF No. 77).

*Impartiality*

The defendants argue that Public Justice is a partisan organization that champions the interests of class action law firms.[18] In support of their argument, the defendants assert that Public Justice received large donations from various firms representing plaintiffs, including the three firms representing Panzer in this case.[19] Further, they point out that Public Justice submitted its motion for leave to file an *amicus* brief with the aid of Motley Rice, LLP, a class action firm that also made a significant contribution to Public Justice.[20]

These recent donations from Panzer's counsel along with Public Justice's close relationship with other class action firms suggest that it has a pecuniary interest in the outcome of this litigation. It shares a common goal with its contributors – to fight mandatory arbitration and preserve the class action mechanism. It is advocating alongside its contributors. It seeks to reinforce its contributors' cause. It adds nothing beyond what Panzer's experienced and skillful attorneys have artfully presented.

We do not find that the contributions disqualify Public Justice from *amicus* status. However, it is clear that it is partial to a particular outcome in this case. Thus, we consider this factor neutral.

---

[18] Defs.' Resp. at 3-4.

[19] *Id*. at 3.

[20] *Id*. at 3-4.

**Conclusion**

Considering all the factors, we conclude that Public Justice's *amicus* participation will not assist us in considering the narrow issue before us. Therefore, we shall deny Public Justice's motion for leave to file an *amicus* brief.